IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RICHARD WOOD**                                                                                      **PLAINTIFF**

v.                                                                                                                                       No. 3:22-CV-067-RP

**KILOLO KIJAKAZI,**
**Commissioner of Social Security**                                                          **DEFENDANT**

## ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES

Before the court is the plaintiff's motion seeking an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Docket 22. Plaintiff seeks fees in the amount of $8,519.75 for 36.6 hours of work and reimbursement of $150.00 for filing a motion for *pro hac vice* admittance.

The defendant does not object to a reasonable fee being awarded under the EAJA, but objects to the hourly rate used by plaintiff's counsel and to certain itemized hours which the Commissioner deems to be non-compensable under the EAJA. Having reviewed the arguments by the parties and the relevant law, the undersigned finds that plaintiff's motion should granted in part and denied in part.

### Hours Claimed

The defendant objects to certain hours of work claimed by plaintiff's attorney. Specifically, the defendant objects to certain hours for "clerical tasks" and for hours related to preparations of a motion for *pro hac vice* admissions. Defendant argues that these hours are not compensable under the EAJA.

Tasks that are purely clerical in nature are generally not compensable under the EAJA. *Leroux v. Astrue*, No. 3-10-CV-2634-M, 2012 WL 6757772, at *2 (N.D. Tex. Oct 26, 2012). The

Fifth Circuit has recognized that tasks commonly completed by a secretary are unrecoverable as an overhead cost. *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1992). The defendant claims that hours for the preparation of the *in forma pauperis* application and the preparation of the complaint, civil cover sheet, and summonses are all clerical tasks which could have been completed by support staff and should not be recoverable under the EAJA. The plaintiff did not file a reply or address this argument in the motion. The court agrees with the defendant.

The preparation of the *in forma pauperis* motion is a clerical task which requires no legal skill or knowledge. As the defendant points out, it is a standard short form with minimal information regarding the plaintiff's financial ability to afford the costs of litigation at the district court. While it may require some time spent with the plaintiff to gather this information, it does not require legal knowledge or skill. With no argument to the contrary from the plaintiff, the court finds that this time should be disallowed from the award for attorney's fees.

The court similarly finds that the preparation of the civil cover sheet and summonses are clerical tasks which do not require the exercise of legal judgment. However, preparing the complaint does require legal judgment and the court will not fully disallow that time. Plaintiff's counsel includes "Preparation of complaint, civil cover sheet, summonses" as one line item on the time sheet attached to the motion. While it may require some legal knowledge, the complaint in this case is a very basic two-page document, and the court finds that this line on the time sheet should be reduced from 1.5 hours to .5 hours. *See Hayes v. Astrue*, no. 3:09-CV-2018-G, 2010 WL 5479611, at *2 (N.D. Tex. Dec. 3, 2010) (reducing the amount of hours claimed for drafting a complaint), *rec. adopted*, 2011 WL 9049 (N.D. Tex. Jan. 3, 2011).

Lastly, the defendant objects to the one hour that plaintiff includes for "Preparation of the *pro hac vice* motion" and the request for fees for filing the *pro hac vice* application. The defendant

submits, and the court agrees, that "pro hac vice fees are generally not recoverable, and their award is disfavored." *Lonardo v. Travelers Indem. Co.,* 706 F. Supp. 2d 766, 816 (N.D. Ohio 2010). The EAJA serves dual purposes: "to ensure adequate representation for those who need it *and* to minimize the costs of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988) (emphasis in original). While the plaintiff is welcome to seek out-of-state counsel, unless there is a showing that the plaintiff could not find counsel locally or some other unique circumstance, the court finds that the cost for *pro hac vice* admission should not be shifted to the defendant. Thus, the court will remove these hours and will not grant the fees for filing the application.

Therefore, the court strikes 1.5 hours for preparation of the *in forma pauperis* application; reduces from 1.5 hours to .5 hours the time for preparation of the complaint, civil cover sheet, and summonses; and strikes the 1.5 hours for preparation of the *pro hac vice* application. Thus, plaintiff's counsel will be awarded for 33.1 hours of work performed.

### Hourly Rate

The defendant objects to the hourly rate used by the plaintiff to calculate the amount of the attorney fee award. The court calculates an award of fees under the EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. § 2412(d)(2). The EAJA sets a statutory cap of $125.00 per hour, but a court may grant a higher hourly fee to account for cost of living increases and "special factors." *Id*. As pointed out in the plaintiff's motion, the hourly rate is typically adjusted based on cost of living using the Consumer Price Index.

Plaintiff's counsel calculates the cost of living adjustment according to the Consumer Price Index for the location of her office in the New York and New Jersey area. The defendant objects and argues instead that the Consumer Price Index for the region where this court is located should

be used.

The only case the plaintiff cites in support of his position is *Mannino v. West*, a case from the Court of Veteran Appeals. 12 Vet. App. 242 (Vet. App. 1999). In that case, the court found that, under the EAJA, a cost of living adjustment should be calculated by the location of the attorney's office. However, the question presented in *Mannino* differs sharply from the one posed here. The veteran court of claims is a national court and hears veteran appeals from across the country. Thus, the *Mannino* court was tasked with deciding whether to use the national consumer index or a localized consumer price index for the location of the attorney's primary place of practice. Since the Court of Veteran Appeals sits in Washington, D.C. and hears appeals from across the country, it differs from a District Court which serves the citizens of a particular geographic location as designated by Congress. As such, the court finds the reasoning of the *Mannino* court unpersuasive for the present motion.

The Fifth Circuit has addressed this issue in a similar case and found that "out-of-district counsel may be entitled to the rates they charge in their home districts under certain limited circumstances." *McClain v. Lufkin Industries, Inc.*, 649 F.3d 374, 381-82 (5th Cir. 2011). The first factor the Fifth Circuit looked to in determining whether to allow out-of-district rates was the hiring of an attorney from outside the district was reasonable or necessary under the circumstances. *McClain*, 649 F.3d at 382 (citing *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). In other words, if counsel is available locally for a plaintiff's claims, the court did not find it reasonable to charge pay rates for an out-of-town specialist under a fee shifting provision in a statute.

While *McClain* was decided under a different statute, the court finds the reasoning applicable in this case. Absent some indication that the plaintiff needed to look outside the district to find representation, the court finds that the locality payrate for this district should be used in

determining an award of attorney's fees under the EAJA. The plaintiff offers no evidence that there is a shortage of attorneys willing to take Social Security appeals in Mississippi. Therefore, the court will apply the locality payrate for this district rather than where counsel for the plaintiff maintains an office.

Therefore, the court finds that the fee for plaintiff's counsel should be awarded at a rate of $229.05, the adjusted rate to calculate for inflation for the South Urban region.

## Conclusion

As such, the plaintiff's motion for attorney's fees under the EAJA is granted in part and denied in part. Plaintiff's counsel is to be awarded for 33.1 hours of work at a rate of $229.05 per hour for a total award of $7,581.56. As such, it is ORDERED that the defendant pay the plaintiff $7,581.56 and mail the award to the plaintiff's attorney.

**SO ORDERED**, this the 13th day of January, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE